## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MARTIN PECORINO,

      Plaintiff,

v.                              CASE NO.:

TRANS UNION, LLC,         **JURY TRIAL DEMANDED**

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §§ 1681a–x (Fair Credit Reporting Act or "FCRA").

2.     Parties that create consumer reports, like Defendant Trans Union, LLC are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities such as Wells Fargo, particularly where a consumer makes a dispute about information reported.

3.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, which included Wells Fargo. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

5.      Plaintiff brings claims for actual and punitive damages against Defendant for their inaccurate reporting of  accounts  he never opened, including but not limited to a Wells Fargo credit card, and for their failure to investigate his disputes of that inaccurate reporting.

## JURISDICTION AND VENUE

6.      The Court's subject-matter jurisdiction is conferred by 15 U.S.C. § 1681p and 28 § U.S.C. 1367.

7.      Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as the Defendant does substantial business here, maintains its actual and/or registered offices within this District, and a significant part of the facts giving rise to Plaintiff's claims occurred here.

8.      The Plaintiff is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Trans Union LLC (hereinafter "Trans Union" or "Defendant") is a corporation headquartered in Illinois, authorized to do business in the State of Florida through its registered agent, Prentice-Hall Corporation System, located at 1201 Hays Street, Tallahassee, Florida 32301.

10.     Trans Union is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f).  Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

11.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

12.     On or about May 1, 2019, Plaintiff learned he was the victim of mixed file after learning an existing Lowe's/Synchrony Bank credit card was being closed due to information on his Trans Union credit report.

13.     Plaintiff began reviewing his Trans Union credit report, and noticed several items which did not belong on his report, including but not limited to the following accounts:

   a.   A credit card with Wells Fargo;

   b.   Two credit card accounts with Barclay's Bank Delaware; and

   c.   A credit card with Regions Bank.

14.     Upon further review of his Trans Union credit report, Plaintiff noticed inaccurate personal information that belongs to his son, Martin A. Pecorino. For example, Plaintiff has been retired for 18 years but the employment data reported lists an employer effective March 2019. There were addresses listed which belonged to Plaintiff's son, Martin A. Pecorino.

15.     On or about July 12, 2019 Plaintiff  sent a certified dispute letter to Defendant to report inaccurate and unauthorized accounts and information listed on his Trans Union credit report as described in Paragraph 14.

16.     Discovery will show that, as is their duty under the FCRA, Defendant Trans Union forwarded Plaintiff's dispute to Wells Fargo.

17.     In a letter dated August 1, 2019, Wells Fargo responded directly to Plaintiff to inform him that they were removing the account from his credit profile.

18.     Effective May 20, 2019, Defendant Trans Union was inaccurately reporting the Wells Fargo account as Plaintiff's individual responsibility.

19.     Discovery will confirm that additional furnishers received communications from Defendant Trans Union requesting that it conduct investigation or reinvestigation of the accuracy of the information it was reporting regarding the disputed accounts.

20.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.      Closure of an existing credit card;

    ii.     Debt reported in  his name that does not belong to him;

    iii.    Defamation of credit;

    iv.     Reduced credit availability;

    v.      Lowered credit score due to no fault of his own;

    vi.     Loss of time;

    vii.    Loss of money attempting to correct the inaccurate information;

    viii.   Emotional distress;

    ix.     Frustration;

    x.      Anxiety;

    xi.     Humiliation; and

    xii.    Mental anguish.

21.     All conditions precedent to the filing of this action have occurred. When a credit reporting agency such as Defendant Trans Union receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

22.     It is anticipated that the ACDV form is the method by which Wells Fargo elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

23.     Wells Fargo understood the nature of the Plaintiff's dispute when it received the ACDV from Defendant Trans Union.

24.     Wells Fargo confirmed that Defendant Trans Union was inaccurately reporting the disputed account as Plaintiff's individual responsibility.

25.     To date, Defendant Trans Union failed to report the proper information on Plaintiff's credit reports despite having been given ample notice of these errors.

<u>**CAUSES OF ACTION**</u>

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681e(b) –TRANS UNION**

26.     The Plaintiff re-alleges and incorporates Paragraphs one (1) through (twenty-five) (25) as if fully set forth herein.

27.     Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

28.     As a result of Defendant Trans Union's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

29.     The violations by Defendant Trans Union were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

30.     In the alternative, Defendant Trans Union was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

31.     Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

32.     Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANS UNION, LLC for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**COUNT II**
**(Violation of the FCRA - As to Defendant**
**Trans Union LLC)**

33.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-five (25) above as if fully set forth herein.

34.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

35.     As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered

damages including but not limited to: loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Plaintiff has been denied and is now purposely refraining from applying for more credit because of the erroneous reporting by Trans Union. Trans Union was made aware of the dispute from the erroneous reporting and refused to remove the inaccurate accounts.

36.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

37.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANS UNION, LLC; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

*/s/ Janelle Neal*
Janelle Neal, Esquire
Florida Bar No.: 774561
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2490
Primary Email: JNeal@ForThePeople.com
Secondary Email: RKnowles@ForThePeople.com
*Counsel for Plaintiff*

9